UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOLLY BLOCK,

               Plaintiff,

-against-

THE CITY UNIVERSITY OF NEW YORK,
ALEXANDER SCOTT, and EMMANUEL
ESPERANCE,

               Defendants.

MEMORANDUM & ORDER
23-CV-7715 (NGG) (VMS)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Holly Block, Assistant Director of Admissions for Recruitment at The City University of New York ("CUNY") College of Staten Island ("CSI"), brings this action against CUNY, Alexander Scott, the Assistant Vice President and Dean of CSI, and Emmanuel Esperance, the Director of Recruitment and Admissions at CSI (collectively, "Defendants"), alleging numerous violations of federal and state laws in connection with Defendants' alleged nonpayment of overtime compensation, two instances of inappropriate conduct, and gender-based discrimination. (*See generally* Am. Compl. (Dkt. 25).) Pending before the court is Defendants' motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. (Dkt. 41-1).) Block opposes Defendants' motion and cross-moves for leave to file a Second Amended Complaint. (Opp. (Dkt. 42).) For the reasons that follow, Defendants' motion to dismiss is GRANTED, Block's cross-motion to file a Second Amended Complaint is DENIED, and this action is DISMISSED without prejudice to renewal in state court.

1

## I. BACKGROUND

### A. Factual Allegations[1]

In January 2009, CUNY CSI[2] hired Plaintiff Holly Block as the Assistant Director of Admissions for Recruitment at CSI, where she works to this day. (Am. Compl. ¶ 36.) At the time of her hiring, Block's responsibilities included developing and implementing "comprehensive recruitment plans" to attract new students, overseeing recruitment to selective honors programs, organizing and conducting tours and open houses, and several other recruitment-related tasks. (*Id.* ¶ 40.) The recruitment notice pursuant to which CSI hired Block listed her salary range as between $38,801 and $67,092, and her position as exempt from federal Fair Labor Standards Act ("FLSA") protections. (*Id.* ¶¶ 36-38.) However, according to the Amended Complaint, "no one else in [Block's] office, including her supervisors, were hired as FLSA exempt" employees. (*Id.* ¶ 39.)

At the beginning of her employment, Block's team included "two full-time Admissions Advisors, two part-time admissions advisor/recruiters, a College Assistant, and a student staff." (*Id.* ¶ 41.) Despite this support staff, Block's position "was perpetually understaffed, which forced her to work well in excess of 40 hours each week simply to maintain the status quo in her unit and cover day to day operations." (*Id.* ¶ 42.) Nevertheless, "the Human Resources Department told [Block] she would be terminated if she demanded overtime pay because her supervisors would not approve compensation for hours worked greater than 40." (*Id.* ¶¶ 46-47.) Additionally, "[o]n at least four occasions between 2014 and 2021, [Block] formally requested reclassification as FLSA

---

[1] The following facts are drawn from the Amended Complaint and, for purposes of this motion to dismiss, are assumed to be true. *See Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 349 (2d Cir. 2022).

[2] CSI is part of the CUNY system, which is comprised of numerous colleges, a graduate school, a law school, and a medical school. (Am. Compl. ¶ 21.)

2

non-exempt via self-nomination," but those requests were denied. (*Id.* ¶ 64.)

In 2018, Defendants "began foisting additional non-managerial tasks onto [Block's] workload, including washing tablecloths, something no male staff member was asked to do." (*Id.* ¶ 58.) That same year, CSI removed Block's full time support person, leaving her with one part-time support person. (*Id.* ¶ 59.) On June 1, 2021, CSI changed Block's title from Admissions Specialist[3] to Academic Program Specialist, a "non-managerial position outside the Admissions family" with duties "that are . . . non-professional, non-creative, and completely misaligned with the plaintiff's education, training, experience and demonstrated skill." (*Id.* ¶¶ 45-46.) As part of this reassignment, many of Block's prior responsibilities were reassigned "to a less experienced, less capable male employee with less seniority in the activities previously performed by [Block]." (*Id.* ¶¶ 47-54.)

In addition to the aforementioned wage- and position-related allegations, the Amended Complaint details two instances of alleged inappropriate behavior on the part of Esperance and Scott (the "Individual Defendants"). In August 2014, Block observed Esperance "in a room with a female employee engaged in sexual activity, including, but not limited to fondling and touching each other's bodies." (*Id.* ¶ 115.) "Seconds after the occurrence, Defendant Esperance entered [Block's] office and blocked the door so [Block] could not leave while the female employee exited the building." (*Id.* ¶ 116.) Later, in September 2019, Scott "stroked [Block's] bare leg above the knee in a manner that was sexual in nature," without her consent. (*Id.* ¶ 117.) Block "immediately recoiled" from Scott's overture, "which

---

[3] Although Block was hired as the Assistant Director of Admissions for Recruitment, "[i]n or about 2013, . . . when the web-based management tool 'CUNYfirst' went 'live,' [her] position, unbeknownst to her, was recorded as 'Admissions Specialist.'" (Am. Compl. ¶ 44.)

3

caused her shock and embarrassment." (*Id.* ¶ 118.) Block alleges that the Individual Defendants retaliated against her for complaining about these episodes by "refusing to pay overtime, spread of hours[,] and in other ways treating her worse than other employees who did not raise such complaints." (*Id.* ¶¶ 119-21.)

### B. Procedural History

On October 16, 2023, Block filed suit against the City of New York, CUNY, CSI, Scott, and Esperance, alleging violations of federal and New York State laws. (Compl. (Dkt. 1).) Block filed the operative Amended Complaint on February 28, 2024, dropping the City and CSI as defendants and alleging six causes of action: (Count One) violation of the FLSA overtime provisions, 29 U.S.C. §§ 201 *et seq.*, against all Defendants; (Count Two) violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, against all Defendants; (Count Three) violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107, against all Defendants; (Count Four) violation of 42 U.S.C. § 1983 against the Individual Defendants; (Count Five) *Monell* liability claim against CUNY under 42 U.S.C. § 1983 ("Section 1983"); and (Count Six) intentional infliction of emotional distress against the Individual Defendants. (Am. Compl. ¶¶ 96-145.)

The court granted Defendants' request to file a motion to dismiss the Amended Complaint. (*See* Order Dated 1/24/2024 (Dkt. 20).) Defendants moved to dismiss the Amended Complaint on April 26, 2024, although they did not file the fully briefed motion until September 2024, per the court's bundling rule. (*See* Defs.' Letter Dated 8/9/2024 (Dkt. 38) at 1; Mot.) Block served her opposition on July 5, 2024, and, two weeks later, requested a pre-motion conference to seek leave to file a cross-motion to further amend the complaint. (*See* Defs.' Letter Dated 8/9/2024 at

1; Req. to Amend (Dkt. 35).) After reviewing her Proposed Second Amended Complaint, the court denied Block's request for leave to amend on the grounds of "futility, undue delay, and failure to cure deficiencies in the previous amendment." (Text Order Dated 8/5/2024; *see generally* Proposed Second Am. Compl. (Dkt. 36).) Block then requested a pre-motion conference to seek leave to file a motion for reconsideration of the court's order. (*See* Req. for Recons. (Dkt. 40).) The court denied Block's request without prejudice, explaining that Block "may renew the request for a pre-motion conference to seek leave to file an amended complaint after decision on Defendants' forthcoming motion to dismiss." (*See* Text Order Dated 8/26/2024.)

Defendants filed their fully briefed motion to dismiss on September 5, 2024. (*See* Mot.; Opp.; Reply (Dkt. 43).) In contravention of the court's prior order, Block incorporated in her memorandum in opposition a cross-motion to file a second amended complaint. (Opp. at 32.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim when the federal court lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard," *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013), except that "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence," *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).[4] After construing all ambiguities and drawing all inferences in the plaintiff's

---

[4] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

favor, a district court may properly dismiss a case for lack of subject-matter jurisdiction under Rule 12(b)(1) "if it lacks the statutory or constitutional power to adjudicate it." *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain facts that do more than present a "sheer possibility that a defendant has acted unlawfully." *Id.* In deciding a motion to dismiss, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). However, allegations that "are no more than conclusions [] are not entitled to the assumption of truth." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Dismissal for failure to state a claim is appropriate if it is clear from the face of the complaint that a claim is barred as a matter of law. *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019).

When faced with a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), a court should "decide the jurisdictional question under Rule 12(b)(1) first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *McClain v. N.Y. State Dep't of Tax'n & Fin.*, No. 13-CV-3104 (NGG) (RML), 2014 WL 4101517, at *2 (E.D.N.Y. Aug. 18, 2014); *see also Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.").

## III. DISCUSSION

Defendant moves to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6), arguing that (I) the Eleventh Amendment to the United States Constitution bars most of Block's claims; (II) Block's claims are time-barred; and (III) Block fails to state a claim upon which relief can be granted. (*See generally* Mot.) In her opposition, Block agrees that Counts One, Three, and Six should be dismissed, but asserts that her NYSHRL and Section 1983 claims—Counts Two and Four, respectively—should survive. (Opp. at 6.) For the reasons that follow, the court dismisses Counts One, Two (as to CUNY only), Three, Five, and Six as abandoned by Block, and dismisses Count Four for failure to state a claim upon which relief can be granted. The court further declines to exercise supplemental jurisdiction over Count Two as to the Individual Defendants.

### A. Abandoned Claims

Block agrees with Defendants that Counts One, Three, and Six—respectively, her FLSA, NYCHRL, and intentional infliction of emotional distress claims—"are not properly before this Court." (Opp. at 6.) As such, Block "does not oppose" the motion to dismiss those counts. (*Id.*) Additionally, Defendants correctly point out that Block does not address Count Five—her *Monell* liability claim against CUNY—anywhere in her opposition brief. (Reply at 1; *see generally* Opp.) Block's abandonment of Counts One, Three, Five, and Six is further underscored by her Proposed Second Amended Complaint, which omits those counts entirely. (Proposed Second Am. Compl. ¶¶ 60-105.)

Block also appears to abandon her NYSHRL claim against CUNY, contained in Count Two of the Amended Complaint. Specifically, in countering Defendants' argument that the Eleventh Amendment bars her NYSHRL claims against CUNY and the Individual Defendants in their *official capacities*, Block argues that her NYSHRL claims are brought only against the *Individual Defendants* in their *individual capacities*. (Opp. at 17-18.) Block does not respond to Defendants' claim that the Eleventh Amendment bars her NYSHRL claim against CUNY. (*See id.*) Thus, Block apparently abandons Count Two as to CUNY. This abandonment is further underscored by Block's Proposed Second Amended Complaint, which omits CUNY as a Defendant entirely. (*See* Proposed Second Am. Compl. ¶¶ 64-105.)

"District courts in this circuit have found that a plaintiff's failure to respond to contentions raised in a motion to dismiss . . . constitute[s] an abandonment of those claims." *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) (collecting cases). Therefore, the court deems Counts One, Three, Five, and Six abandoned and Count Two abandoned as to CUNY, and dismisses those claims with prejudice.

### B. Rule 12(b)(1)

Defendants argue that the Eleventh Amendment bars Block's NYSHRL and Section 1983 claims against CUNY and the Individual Defendants in their official capacities. (Mot. at 5-7.) As noted above, Block abandons her NYSHRL claim against CUNY. Moreover, Block asserts that she is suing the Individual Defendants in their individual capacities, and, as such, the Eleventh Amendment does not bar her NYSHRL and Section 1983 claims against those Defendants. (Opp. at 15-18.)

In relevant part, the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the

8

United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. As such, the Eleventh Amendment "generally bars suits against a state in federal court." *Pikulin v. City Univ. of New York*, 176 F.3d 598, 600 (2d. Cir. 1999). It does not, however, bar suit against state officers acting in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991) (explaining that unlike state officers sued for damages in their official capacity, "officers sued in their personal capacity come to court as individuals"). Thus, the Eleventh Amendment does not bar Block's NYSHRL or Section 1983 claims against the Individual Defendants in their individual capacities. *See id.* at 30-31 ("[T]he Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983."); *Kirwin v. N.Y. State Off. of Mental Health*, 665 F. Supp. 1034, 1039 (E.D.N.Y. 1987) ("The Eleventh Amendment does not bar State law claims against State officials in their individual capacities."). Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore denied.

### C. Rule 12(b)(6)

#### 1. Count Four – Section 1983 Claims against the Individual Defendants

Count Four alleges that the Individual Defendants, acting in their individual capacities, "violated Plaintiff's statutory right under the FLSA to . . . compensation for hours worked" and "violated Plaintiff's federal constitutional right to due process" by taking her property—*i.e.*, her overtime pay—"without due process of law." (Am. Compl. ¶¶ 132-33.) Defendants argue that Count Four should be dismissed because it: (A) is time-barred; (B) is preempted by the FLSA; and (C) otherwise fails on the merits. (Mot. at 7-8, 14-17; Reply at 2-6.) The court concludes that Count Four fails as a matter of law because it is preempted by the FLSA, and, in any event, Block has no constitutional due process

9

right to overtime pay. As such, the court need not address Defendants' remaining arguments for dismissal of Count Four, including the statute of limitations issue. *See Hinds Cnty. v. Wachovia Bank N.A.*, 790 F. Supp. 2d 106, 116 n.8 (S.D.N.Y. 2011) (taking the same approach); *see also Rodriguez v. Efthimiou*, No. 94-CV-3844 (SS), 1995 WL 110059, at *2 n.3 (S.D.N.Y. Mar. 13, 1995) (same).

It is well-established that, "in most contexts, a precisely drawn, detailed statute pre-empts more general remedies." *Hinck v. United States*, 550 U.S. 501, 506 (2007). Section 1983 creates no rights; rather, it provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As such, to sustain a Section 1983 claim, "a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) [that] the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015). However, "[e]ven if a plaintiff demonstrates that a federal statute creates an individual right, there is only a rebuttable presumption that the right is enforceable under § 1983." *Blessing v. Freestone*, 520 U.S. 329, 341 (1997). Because Section 1983 is a statutory remedy, "Congress retains the authority to repeal it or replace it with an alternative remedy." *Smith v. Robinson*, 468 U.S. 992, 1012 (1984). "The crucial consideration is what Congress intended." *Id.* Congress may manifest its intent "expressly, by forbidding recourse to § 1983 in the statute itself, or impliedly, by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." *Blessing*, 520 U.S. at 341.

The court concludes, in line with a previous decision in this District, that the FLSA "provides the exclusive remedy for wage and hour violations that fall within the FLSA's scope," and, as such, Plaintiff's Section 1983 claim premised on FLSA violations must

be dismissed. *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 513 (E.D.N.Y. 2011).

The FLSA is "a precisely drawn, detailed statute" that preempts Section 1983's "more general remedies." *See Hinck*, 550 U.S. at 506. The Act provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives [overtime] compensation" at a specified rate. 29 U.S.C. § 207(a)(1); *see also id.* § 206(a) (establishing the regular, minimum rates at which employees must be paid). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The FLSA sets forth a broad civil enforcement scheme. It "establishes criminal penalties for willful violations of the Act, . . . and specifies the damages that can be sought against employers who violate the FLSA, namely, unpaid wages, liquidated damages, and, in retaliation cases, appropriate legal and equitable relief, including reinstatement and promotion." *DeSilva*, 770 F. Supp. 2d at 513 (citing 29 U.S.C. § 216(a)-(b)). The FLSA also authorizes the Secretary of Labor "to bring an action in a court of competent jurisdiction to seek unpaid wages and liquidated damages, injunctive relief, and appropriate equitable relief, and to supervise the payment of any unpaid minimum wages or overtime compensation." *Id.* (citing 29 U.S.C. §§ 216-217). More importantly, the statute provides for a private right of action to recover "unpaid wages, liquidated damages, attorneys' fees, and costs," although "this private right of action terminates upon the filing of a complaint by the Secretary of Labor." *Id.* (citing 29 U.S.C. § 216(b)-(c)). The Supreme Court has repeatedly emphasized that the availability of a private right of action strongly

suggests Congress's intent to preclude Section 1983 actions based on the same statutory violations. *See Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 427 (1987) ("[The fact that] the statutes at issue themselves provided for private judicial remedies . . . evidenc[es] congressional intent to supplant the § 1983 remedy."); *see also Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981) ("It is hard to believe that Congress intended to preserve the § 1983 right of action when it created so many specific statutory remedies, including the [private right of action] provisions.").

As noted by the court in *DeSilva*, while the Second Circuit has yet to opine on this issue, it has recognized that the FLSA created "a comprehensive remedial scheme" that "strongly counsels against judicially engrafting additional remedies." *DeSilva*, 770 F. Supp. 2d at 513 (quoting *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999)). Additionally, the First and Fourth Circuits, along with several district courts, have held "that the FLSA's broad remedial scheme is exclusive and can preclude parallel actions brought under federal and state law." *Id.* at 513-14 (collecting cases). The court finds these authorities persuasive.

Applying the above caselaw, the court concludes that allowing Block to recover under Section 1983 "for claims that are, at their core, FLSA claims would thwart the careful and comprehensive scheme established by Congress to remedy wage and hour violations falling under the FLSA's scope." *Id.* at 515. In particular, permitting Block to pursue a Section 1983 claim for "failing to compensate her on an hourly basis, including payment of overtime wages [at the rate set by the FLSA]" would essentially create a new private right of action to seek damages—instead of merely unpaid wages, liquidated damages, attorneys' fees, and costs—and would eliminate the Secretary of Labor's right to terminate a private action should the Secretary decide to intervene. *See id.*

(Am. Compl. ¶ 132.) The court determines that Congress did not intend such a result in enacting the FLSA.

As such, the FLSA provides the exclusive remedy for violations falling under its purview, and the remaining question is "whether, and to what extent," Block's Section 1983 claim is duplicative of her FLSA claim. *DeSilva*, 770 F. Supp. 2d at 515. Count One of the Amended Complaint alleges that Defendants "willfully" failed to pay Block "overtime [pay] and other wages" in violation of the FLSA. (Am. Compl. ¶¶ 98-100.) Count Four, the Section 1983 claim, alleges that the Individual Defendants "violated [Block's] statutory right under the FLSA" by "failing to compensate her on an hourly basis, including payment of overtime wages [at the rate set by the FLSA]." (*Id.* ¶ 132.) Count Four further alleges that the Individual Defendants "violated Plaintiff's federal constitutional right to due process" by taking her property—*i.e.*, her overtime wages—without due process of law. (*Id.* ¶ 133.) From the face of Block's Amended Complaint, it is clear that her Section 1983 claim relies, at least in part, on her purported statutory right to overtime pay under the FLSA. Block does not address the preemption issue in her memorandum in opposition. (*See generally* Opp.) Accordingly, to the extent Block's Section 1983 claim stems from Defendants' alleged failure to pay Block overtime compensation due under the FLSA, the court finds that Count Four is precluded under the exclusive remedial scheme set forth in the FLSA.

Additionally, to the extent Block's Section 1983 claim stems from Defendants' violation of Block's purported due process right to overtime wages, that claim fails as a matter of law. In order to prevail on her due process claim, Block must allege that she was deprived of a protected interest in liberty or property without adequate notice or opportunity to be heard. *See Ace Partners, LLC v. Town of E. Hartford*, 883 F.3d 190, 195 (2d Cir. 2018). Block fails the first element of this test: "Every court in this circuit that has

considered the issue of whether there exists a constitutionally protected property interest in overtime pay has answered in the negative." *Cassidy v. Scoppetta*, 365 F. Supp. 2d 283, 287 (E.D.N.Y. 2005) (collecting cases); *see Boss v. Kelly*, 306 F. App'x 649, 651 (2d Cir. Jan. 13, 2009) (summary order) (concluding that the appellant-employee "has no property interest in . . . the ability to earn overtime pay"); *Rolon v. Henneman*, 517 F.3d 140, 148 (2d Cir. 2008) (concluding that the appellant-employee had no property interest in overtime pay because he "submitted no rules or understandings to prove that he had a legitimate claim to overtime"); *MacFall v. City of Rochester*, 746 F. Supp. 2d 474, 482 (W.D.N.Y. 2010) (noting that, "absent extraordinary circumstances" such as a demonstrated "mutual expectation of overtime" or a collective bargaining agreement containing an expectation of overtime, "courts in the Second Circuit have not recognized overtime, particular assignments, or the prestige of a given assignment as property interests protected by due process"). Thus, Block's due process claim premised on the alleged nonpayment of overtime wages fails, and the court dismisses Count Four with prejudice.

### 2. Count Two – NYSHRL Claims against the Individual Defendants

Count Two alleges that the Individual Defendants (a) discriminated against Block on the basis of her gender by treating her less favorably than male employees and subjecting her to the two instances of inappropriate conduct detailed above, and (b) retaliated against her for reporting said conduct. (Am. Compl. ¶¶ 101-25.) Defendants argue that Count Two should be dismissed because Block fails to show: (A) that her claims fall within the relevant statutes of limitation; (B) that CUNY is liable under the NYSHRL; (C) a causal connection between any protected activity and any adverse employment action; (D) that CUNY and the Individual Defendants are joint employers; and (E) that she was treated less well than others for a discriminatory reason. (Mot. at

9-11, 18-21; Reply at 6-10.) Defendants additionally assert that, in the event the court dismisses all of Block's federal claims, the court should decline to exercise supplemental jurisdiction over her remaining state law claims. (Mot. at 17 n.8.) Having dismissed all federal claims with prejudice, the court declines to exercise supplemental jurisdiction over Block's NYSHRL claim. Accordingly, the court need not address Defendants' remaining arguments for dismissal of Count Two.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). As such, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." *Id.* (quoting 28 U.S.C. § 1367(c)(3)).

"Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' . . . in deciding whether to exercise jurisdiction." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In weighing these factors, the court is guided by the Supreme Court's statement in *Cohill* that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7; *see also Kolari*, 455 F.3d at 122 (citing the same passage from *Cohill*). Thus, the Second Circuit has "generally held that where all the federal claims have been dismissed

at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims." *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (summary order); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

The Amended Complaint invokes the court's federal question jurisdiction. (Am. Compl. ¶ 34.) However, the court has dismissed with prejudice all federal-law claims, leaving Block's NYSHRL count as the sole remaining claim in this action. Having "dismissed all claims over which it has original jurisdiction," the court declines to exercise supplemental jurisdiction over Block's NYSHRL claim. 28 U.S.C. § 1367(c)(3). Such an outcome is supported by considerations of "judicial economy, convenience, fairness, and comity." *Kolari*, 455 F.3d at 122.

Block filed this case on October 16, 2023, and, about two months later, the court stayed discovery pending decision on Defendants' motion to dismiss. (*See* Compl.; Text Order dated 12/19/2023.) Because this is the first motion to dismiss, and the parties have conducted little to no discovery in this matter, considerations of judicial economy, convenience, and fairness support the court's decision to decline to exercise supplemental jurisdiction over Block's NYSHRL claim. *See Turner v. New York Rosbruch/Harnik, Inc.*, 84 F. Supp. 3d 161, 171 (E.D.N.Y. 2015) (concluding that "the values of judicial economy support [the] decision to refuse to exercise supplemental jurisdiction" because "discovery has been stayed during the Court's consideration of this motion [to dismiss]" and "this is the first dispositive motion brought by the parties"). Furthermore, although this case raises no novel or unresolved issues of state law, principles of comity support the court's decision to have a state court adjudicate Block's purely state law claims. *See United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). As such, the court declines to exercise supplemental jurisdiction over Block's NYSHRL claim and dismisses Count Two as to the Individual Defendants without prejudice to renewal in state court.

### D. Leave to Amend

Block's memorandum in opposition to the instant motion to dismiss includes a cross-motion to file a second amended complaint. (Opp. at 32.) As noted above, the court previously denied Block's request for leave to file a second amended complaint on the grounds of "futility, undue delay, and failure to cure deficiencies in the previous amendment." (Text Order Dated 8/5/2024.) The court also denied Block's request to reconsider that decision, explaining that Block could renew her request "after decision on Defendants' forthcoming motion to dismiss," which order Block violated by making the instant cross-motion. (Text Order Dated 8/26/2024.) In any event, the court considers Block's request and concludes that amendment would be futile.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This is a liberal and permissive standard"; as such, "the only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Leave to amend may be properly denied as futile "when the proposed new pleading fails to state a claim on which relief can be granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Ultimately, "[t]he decision to grant or deny leave to amend rests within the discretion of the trial court." *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000).

The Proposed Second Amended Complaint alleges two causes of action against the Individual Defendants in their "Individual and Personal Capacities": (Count One) violation of Section 1983; and (Count Two) violation of the NYSHRL. (Proposed Second Am. Compl. ¶¶ 60-105.) The court concludes that amendment would be futile because Block's Proposed Second Amended Complaint fails to state a claim under federal law, and, as such, the court would once again decline to exercise supplemental jurisdiction over her remaining state law claim. *See Anderson News*, 680 F.3d at 185.

Count One alleges that the Individual Defendants violated Block's "statutory right to her interest in her position of Assistant Director for Recruitment" and her "constitutional right to due process in that she was demoted from her job, a position in which she had a constitutionally protected property interest, without due process of law." (*Id.* ¶¶ 60-63.) To the extent Block claims a "statutory" interest in her position at CSI, she cites no statute establishing that purported interest. (*See generally id.*) Furthermore, as noted above, "absent extraordinary circumstances," Block has no property interest in "overtime [pay], particular assignments, or the prestige of a given [job] assignment." *MacFall*, 746 F. Supp. 2d at 482; *Dones v. City of New York*, No. 7-CV-3085 (SAS), 2008 WL 2742108, at *7 (S.D.N.Y. July 9, 2008) (same). As noted by Judge Conner of the Southern District of New York:

> [L]ower courts have ruled that a governmental employer may specifically create a property interest in a non-economic benefit, such as a particular work assignment[.] . . . However, . . . the creation of such a non-economic property interest is exceedingly rare; plaintiff's expectation of this right cannot be a mere abstract need or expectation. . . . While an explicit statute or contract is not required to create the property right, and informal rules created by the state

18

employer can create this right, . . . these informal rules must be substantially as binding as a contract or statute. That is, the rule must make conferral of the benefit *virtually a matter of right*, . . . so that the process is so nearly automatic as virtually to assure conferral of the benefit.

*Kane v. Krebser*, 44 F. Supp. 2d 542, 550 (S.D.N.Y. 1999) (emphasis added). Block "has submitted no rules or understandings to prove that [she] had a legitimate claim to" her particular work assignment. *Rolon*, 517 F.3d at 148. Her Proposed Second Amended Complaint merely asserts in a conclusory fashion that she had a "constitutionally protected property interest" in her work assignment. (Proposed Second Am. Compl. ¶ 63.) While the court must "accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor," it is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon*, 517 F.3d at 148-49. Thus, Count One of the Proposed Second Amended Complaint fails to state a claim for relief under Section 1983. *See Mirabilio v. Reg'l Sch. Dist. 16*, 761 F.3d 212, 213-14 (2d Cir. 2014) ("Although the right to continued employment is a property right protected under the due process clause, *personnel decisions short of termination do not constitute a deprivation of a property interest* cognizable under the Fourteenth Amendment." (emphasis added)).

Because the Proposed Second Amended Complaint also fails to state a federal claim, the court would once again decline to exercise supplemental jurisdiction over Count Two, the NYSHRL claim. *See Turner*, 84 F. Supp. 3d at 171 (declining to exercise supplemental jurisdiction over state law claims when all federal law claims had been dismissed); *Astra Media Grp., LLC*, 414 F. App'x at 337 (noting that the Second Circuit has "generally held

that where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims.").

In sum, amendment would be futile because Block's "proposed new pleading fails to state a claim on which relief can be granted," *Anderson News*, 680 F.3d at 185, and the court would decline to exercise supplemental jurisdiction over the remaining state law claim. The court notes that Block submitted her Proposed Second Amended Complaint *after* having the opportunity to review Defendants' opening memorandum in support of the instant motion to dismiss. (*See* Original Mot. to Dismiss (Dkt. 28) (filed on 4/26/2024 and stricken on 8/8/2024); Proposed Second Am. Compl. (filed on 7/23/2024).) Thus, Block was alerted to the purported deficiencies in her Amended Complaint, but nevertheless failed to cure them. As such, the court denies Block's motion to file a Second Amended Complaint on the ground that amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, Block's cross-motion to file a Second Amended Complaint is DENIED, and this action is DISMISSED without prejudice to renewal in state court.

SO ORDERED.

Dated: Brooklyn, New York
April 15, 2025

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge